SANBORN v. JACKMAN & a.

In the sale of chattels there is ordinarily an implied warranty of title, and evidence tending to show a failure of title is competent in defence of an action for the price, although the written bill of sale contained no warranty.

ASSUMPSIT, to recover a balance for goods sold. December 30, 1878, the plaintiff gave to the defendants a bill of sale, under seal, of all the shafting, pulleys, machinery, tools, furniture, and fixtures in the second story of the building then occupied by the plaintiff, in Franklin, with all the patterns and drawings connected or used with the tools and machinery. Also, two machines not completed and in the possession of one Stevens, which were to be seasonably completed by Stevens at the plaintiff's expense, and put in good satisfactory running order in the shop occupied by the defendants; and in connection with the two last machines were included all drawings and patterns and models of all kinds, with the right to a patent therefor if the same or any part of them were patentable, according to the plaintiff's agreement with Stevens, at the defendants' expense. Also, all machinery, tools, shafting, belting, kegs, and furnace for tempering needles, situate in the blacksmith shop near the plaintiff's shop; also, all the sand and saw-dust in and near the shop, and the castings for a new press, where they might be; also, the good-will of the business. The plaintiff also agreed to give the defendants three weeks' time from the date of the bill of sale, in which he was to render such assistance by labor, advice, and instructions as he was able, to benefit them and carry on the business, without other charge or compensation. The plaintiff also agreed to sell the defendants all the knitting-needles then owned by him and in his possession, to be finished by the parties, amounting to nearly 100,000, to be paid for in sixty days from date, the amount to be determined by count. The plaintiff claims in this suit to recover a part of the price agreed to be paid for the above described property.

The defendants offered to show that one of the machines which was being constructed by Stevens was an infringement upon a patented machine owned by one Corey; that they inquired of the plaintiff whether it was an infringement or not, and the plaintiff told them it was not; that it was upon the assurance of the plaintiff that it was not an infringement, and relying upon his representation in this regard, that they took the bill of sale without anything being said about it; that the machine was valuable, and that they would not have bought the property of the plaintiff had it not been for the fact that they supposed and believed they were getting a good title to the machine. The plaintiff objected that the evidence was not competent. The court excluded it, and the defendants excepted. If the evidence was properly excluded, the defend-

ants are to be defaulted; otherwise, the case is to be discharged, and the action stand for trial.

*Barnard & Barnard*, for the defendants. Corey had a patent upon a certain machine. The case finds that the defendants desired to use the plaintiff's machine in their business, which, if an infringement upon Corey's, of course would be valueless to them. Therefore, before they would purchase this machine and other property of the plaintiff, they received a warranty from him that this machine was not an infringement upon Corey's patent. Having received this warranty, that the machine was not an infringement upon Corey's patent, they took the bill of sale, and took their own risk as to the patenting of any new invention which they might discover, or any invention already discovered by the plaintiff, or any one else except Corey. There is nothing inconsistent between the two. The warranty does not vary nor control the written bill of sale. The evidence was not offered for any such purpose. It was offered for the purpose of showing a collateral warranty—an agreement between these same parties, which was the inducement to and the consideration for the written bill of sale. We shall assume that the excluded evidence would have shown a warranty which was broken. It is not the province of this court to say whether a warranty existed, but the evidence should have been submitted to the jury to consider, and whether or not there was a warranty was for them to determine. Sto. Con. (3d ed.), *s.* 828, *b.*, and cases cited in notes; *Morrill* v. *Wallace*, 9 N. H. 111.

The only questions, then, to be decided here are, whether evidence as to such a warranty is competent, and, if it is admissible, whether it constitutes a good defence to this action. There being a warranty, and the case finding that the defendants relied upon it and would not have taken the bill of sale had it not been given, the case really finds that it was the consideration for the bill of sale. By the breach of warranty, there was a partial failure of consideration. At common law a total failure of consideration would have been a good defence to the action, and by the provisions of *s.* 13, *c.* 220, Gen. Laws, a partial failure of consideration is just as good a defence in reduction of damages. The principle is the same whether fraud or breach of warranty is pleaded as a defence, the only difference being that in the one case the *scienter* must be proved, and in the other not. *Nichols* v. *Hunton*, 45 N. H. 470, and *Lytle & Patterson* v. *Bass*, 7 Cold. 303, are exactly in point; *Hersom* v. *Henderson*, 21 N. H. 224. See, also, *Reed* v. *Prentiss*, 1 N. H. 176, in which the court say,—" A breach of warranty also subjects the vender to pay all that is lost by the breach; and suffering the vendee to avail himself of this breach in answer to a suit for the consideration, prevents circuity of action, and produces no difference in the estimation of the damage." *Case*

v. *Morey*, 1 N. H. 347 ; *Shepherd* v. *Temple*, 3 N. H. 455 ; *Tillot-son* v. *Grapes*, 4 N. H. 444 ; *Leach* v. *Tilton*, 40 N. H. 473 ; *Paget* v. *Wilkinson*, note to 2 East 449, cited 41 N. H. 102 ; *Canaan* v. *Derush*, 47 N. H. 212 ; *Bascom* v. *Manning*, 52 N. H. 132 ; *Blodgett* v. *The Berlin Mills Co.*, 52 N. H. 215.

*Albin*, for the plaintiff.   This is the case of an attempt to vary or contradict the terms of a written agreement or contract.   The contract made between the parties states just what the agreement was with reference to the machine in question.   Instead of providing that it should not be an infringement of the " patented machine owned by one Corey," it did provide that the defendants were to take their chances as to its being patentable at all.   The case finds that " in connection with the two last machines [one of which was the machine in dispute] were included all drawings and patterns and models of all kinds, with the right to a patent therefor if the same or any part of them were patentable," thereby implying upon the face of the contract itself a doubt as to whether either of the machines was patentable.

CLARK, J.   It was an incumbrance on the right to use the machine, constituting a defect in the title, if it was an infringement of Corey's patent.   In the sale of chattels, there is ordinarily an implied warranty of title.   The evidence offered by the defendants was competent as tending to show a defective title, and a breach of such implied warranty.   It was also competent as tending to show an express warranty.   The clause in the bill of sale relating to the patentable character of the machine, expressed a contract in relation to the right to obtain a patent, and not in relation to the right to use the machine ; and the evidence did not contradict or vary the terms of the written contract.   *Hersom* v. *Henderson*, 21 N. H. 224.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.